2024R00487/CS/AT

<div style="text-align:center">

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

</div>

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Claire C. Cecchi |
| v. | Crim. No. 25-CR-480 |
| YULEISY ROQUE | 18 U.S.C. § 1349 |

<div style="text-align:center">

**INFORMATION**

</div>

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

<div style="text-align:center">

**(Wire Fraud Conspiracy)**

Introduction

</div>

1. From in or around August 2020 through in or around October 2022, the defendant, YULEISY ROQUE ("ROQUE"), conspired with others to commit wire fraud by targeting elderly victims and convincing them that a close relative, typically a grandchild, had been arrested and was in urgent need of cash for bail, attorney's fees, or a civil settlement. ROQUE acted as a courier for this scheme, picking up cash from victims in New Jersey and New York, or from other couriers who had picked up money from victims, and bringing it to locations in New York City so that the funds could be sent to co-conspirators in the Dominican Republic.

## The Conspiracy

2. From in or around August 2020 through in or around October 2022, in the District of New Jersey and elsewhere, the defendant,

YULEISY ROQUE,

did knowingly and intentionally conspire with others to knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Section 1343.

## Goal of the Conspiracy

3. The goal of the conspiracy was for ROQUE and others to enrich themselves by fraudulently obtaining money from elderly victims through "grandparent" or "family-in-need" bail scams.

## Manner and Means of the Conspiracy

4. It was part of the conspiracy that:

    a. ROQUE and her co-conspirators engaged in "grandparent" or "family-in-need" bail scams whereby members of the conspiracy, operating from call centers in the Dominican Republic, contacted unsuspecting elderly victims in the United States and convinced them that a family member, usually a grandchild, was

in significant legal trouble and needed money for bail, attorney's fees, or other associated costs.

      b.      The methods used by members of the conspiracy included impersonating defense attorneys, prosecutors, bail bondsmen, police officers, court personnel, and/or the victims' loved ones, and "spoofing" legitimate telephone numbers to make calls appear real. To increase the likelihood of successfully obtaining money from victims, members of the conspiracy often instructed each victim to lie to family members and/or their financial institutions about what was happening, including by falsely claiming that the loved one did not want anyone knowing about the purported arrest.

      c.      Once a victim was convinced that the scam was legitimate, members of the conspiracy instructed the victim to provide cash to a courier, who generally came to the victim's home. Couriers, including ROQUE, received instructions from co-conspirators as to where to deliver the cash, frequently delivering it to money service businesses in New York City, where it was then transmitted to co-conspirators in the Dominican Republic. Couriers, including ROQUE, kept a portion of the collected cash as compensation.

      i.      For example, between on or about June 28, 2022, and on or about June 30, 2022, members of the conspiracy convinced a Paterson, New Jersey couple that their grandson had been arrested following a car crash with a pregnant driver. On or about June 29, 2022, ROQUE and others retrieved approximately $10,000 from the couple and transported the money to a location in

New York City. Other members of the conspiracy conducted two additional pickups from the couple, ultimately resulting in a total loss of approximately $120,000.

    ii.  Similarly, between on or about September 27, 2022, and on or about September 29, 2022, members of the conspiracy deceived an elderly woman in Lawrence Township, New Jersey into believing that her son had been arrested and needed money for bail. The victim lost a total of approximately $15,000 in two payments because of the deception. On or about September 29, 2022, after a female courier retrieved the second payment of approximately $9,000 from the victim, the female courier met ROQUE in Perth Amboy, New Jersey to provide ROQUE with the stolen cash.

  d.  In total, ROQUE participated in pickups of cash from at least twelve victims, all of whom were falsely led to believe that a close family member was in legal trouble and urgently needed cash for bail or other associated costs. ROQUE knew the money she collected from victims, which totaled at least $150,000, was the proceeds of fraud from grandparent scams.

In violation of Title 18, United States Code, Section 1349.

4

## FORFEITURE ALLEGATION

As the result of committing the wire fraud conspiracy offense in violation of Title 18, United States Code, Section 1349, as charged in this Information, the defendant, YULEISY ROQUE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud conspiracy offense charged in this Information, and all property traceable to such property.

## SUBSTITUTE ASSETS PROVISION

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), to

forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

<div style="display: flex;">

*(signature)*
F͟o͟r͟ ͟L͟I͟S͟A͟ ͟K͟.͟ ͟H͟S͟I͟A͟O͟
Acting Director
Consumer Protection Branch

*(signature)*
A͟L͟I͟N͟A͟ ͟H͟A͟B͟B͟A͟
United States Attorney
District of New Jersey

</div>

Case Number: 25-CR-480(CCC)

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

YULEISY ROQUE

# INFORMATION FOR

18 U.S.C. § 1349

ALINA HABBA
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

CAROLYN SILANE AND ALISON THOMPSON
ASSISTANT U.S. ATTORNEYS
JASON FELDMAN AND JOSHUA FERRENTINO
DEPARTMENT OF JUSTICE TRIAL ATTORNEYS
NEWARK, NEW JERSEY
(973) 645-3979