

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*       973-645-2700
*Newark, New Jersey 07102*

CS/PL AGR
2024R00487

April 15, 2025

Tara Breslow, Esq.
25 Monument Street
Freehold, NJ, 07728

        Re:    <u>Plea Agreement with Yuleisy Roque</u>
                   25-CR-480(CCC)

Dear Ms. Breslow:

     This letter sets forth the plea agreement between your client, Yuleisy Roque ("Roque"), and the United States Attorney for the District of New Jersey and the United States Department of Justice, Consumer Protection Branch (the "Offices"). This offer will expire on May 9, 2025, if it is not accepted in writing by that date. If Roque does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of the Offices' investigation.

<u>Charge</u>

     Conditioned on the understandings specified below, the Offices will accept a guilty plea from Roque to an Information charging Roque with wire fraud conspiracy contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. If Roque enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, the Offices will not initiate any further criminal charges against Roque for her participation in "grandparent" or "family-in-need" bail scams between in or around August 2020 and in or around October 2022.

     But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, the Offices may reinstate any dismissed charges and initiate any other charges against Roque even if the applicable statute of limitations period for those charges expires after Roque signs this agreement, and Roque agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1349 to which Roque agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Roque is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Offices cannot and do not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Roque ultimately will receive.

Further, in addition to imposing any other penalty on Roque, the sentencing judge as part of the sentence:

(1) will order Roque to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Roque to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Roque, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of her offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C);

(5) pursuant to 18 U.S.C. § 3583, may require Roque to serve a term of release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Roque be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Roque may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, and the Victim Witness Protection Act, 18 U.S.C. § 3663(a)(3), Roque agrees to pay full restitution to the victims of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses.

Specifically, Roque agrees to pay restitution to all victims from whom she retrieved cash from in or around August 2020 to in or around October 2022 pursuant 18 U.S.C. § 3663(c)(2).

Forfeiture

As part of Roque's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Roque agrees to forfeit to the United States all right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds Roque obtained that are traceable to the offense charged in the Information. Roque further acknowledges that the value of such property was $2,500; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $2,500 (the "Money Judgment"). Roque consents to the entry of an order requiring her to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Roque prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Roque further agrees that upon entry of the Order, the Offices may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Roque waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Roque understands that criminal forfeiture is part of the sentence that may be imposed in

this case and waives any failure by the court to advise Roque of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Roque waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Roque further understands that she has no right to demand that any forfeiture of her assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Roque further agrees that, not later than the date she enters a guilty plea, she will provide a complete and accurate Financial Disclosure Statement on the form provided by the Offices. If Roque fails to do so, or if the Offices determine that she has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and the Offices reserve the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of The Offices Regarding Sentencing

Except as otherwise provided in this agreement, the Offices may take any position with respect to the appropriate sentence to be imposed on Roque by the sentencing judge. The Offices may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And the Offices may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Roque's activities and relevant conduct with respect to this case.

Stipulations

The Offices and Roque will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of the Offices is based on the information and evidence that the Offices possess as of the date of this agreement. Thus, if the Offices obtain or receive additional evidence or information prior to sentencing that they believe materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind the Offices. A determination that a Schedule A

stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, the Offices and Roque waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Roque understands that, if Roque is not a citizen of the United States, Roque's guilty plea to the charged offense will likely result in Roque being subject to immigration proceedings and removed from the United States by making Roque deportable, excludable, or inadmissible, or ending Roque's naturalization. Roque understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Roque wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Roque's removal from the United States. Roque understands that Roque is bound by this guilty plea regardless of any immigration consequences. Accordingly, Roque waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Roque also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the United States Department of Justice, Consumer Protection Branch. Accordingly, this agreement cannot bind other federal, state, or local authorities. If requested to do so, however, the Offices will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Roque. As a result, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Roque from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Roque and the Offices and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

/s/ *Carolyn Silane*

By:   Carolyn Silane
      Assistant U.S. Attorney

APPROVED:

_____
Lauren Repole
Deputy Chief, Criminal Division

AMANDA N. LISKAMM
Director
Consumer Protection Branch

By:   /s/ *Joshua T. Ferrentino*
      JOSHUA T. FERRENTINO
      Trial Attorney
      Consumer Protection Branch

    I have received this letter from my attorney, Tara Breslow, Esq. It has been translated for me into Spanish. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  
Yuleisy Roque

Date: 4/17/2025

    I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  
Tara Breslow, Esq.  
Counsel for Yuleisy Roque

Date: 4/17/2025

## Plea Agreement with Yuleisy Roque

### Schedule A

1. The Offices and Roque recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024, applies in this case.

3. The Offices and Roque agree to stipulate that victims sustained losses in the amounts listed below as follows:

| Victim | Amount |
|---|---|
| Victim 1 | $5,000 |
| Victim 2 | $6,000 |
| Victim 3 | $8,000 |
| Victim 4 | $3,000 |
| Victim 5 | $8,500 |
| Victim 6 | $6,000 |
| Victim 7 | $20,000 |
| Victim 8 | $6,000 |
| Victim 9 | $9,200 |
| Victim 10 | $4,900 |
| Victim 11 | $120,000 |
| Victim 12 | $15,000 |

4. The Offices and Roque agree that the losses sustained by the victims as listed in Paragraph 3 constitute restitution as defined by 18 U.S.C. § 3663A and 18 U.S.C. §§ 3663(a)(3) and (c)(2).

5. The applicable guidelines are U.S.S.G. §§ 2X1.1 and 2B1.1. These guidelines carry a Base Offense Level of 7 because conviction of the offense charged carries a statutory maximum term of imprisonment of 20 years or more.

6. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(F) applies because the loss amount was more than $150,000 but not more than $250,000. The offense level is therefore increased by 10 levels.

7. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(A)(i) applies because the offense involved 10 or more victims. The offense level is therefore increased by 2 levels.

8.  Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(10)(B) applies because a substantial part of the fraudulent scheme was committed from outside the United States. The offense level is therefore increased by 2 levels.

9.  A Victim-Related Adjustment under U.S.S.G. § 3A1.1(b) applies because the defendant knew or should have known that a victim of the offense was a vulnerable elderly victim. The offense level is therefore increased by 2 levels.

10. As of the date of this letter, Roque has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Roque's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

11. As of the date of this letter, Roque has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the Offices to avoid preparing for trial and permitting the Offices and the court to allocate their resources efficiently. At sentencing, the Offices will move for a further 1-point reduction in Roque's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Roque enters a plea pursuant to this agreement, (b) the Offices, in their discretion, determine that Roque's acceptance of responsibility has continued through the date of sentencing and Roque therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Roque's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

12. Accordingly, the parties agree that the total Guidelines offense level applicable to Roque is 20 (the "Total Offense Level").

13. Neither party will argue for a term of imprisonment below 27 months or above 33 months (the "Stipulated Range"). The parties agree that a term of imprisonment within the range of 27 to 33 months for the conspiracy to commit wire fraud charged in the Information is reasonable, taking into account all of the factors under 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Range will not bind the District Court.

14. If the District Court imposes a term of imprisonment within the Stipulated Range:

a.  This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

b.  Roque will not challenge her conviction for any reason by any

means, other than ineffective assistance of counsel, and she will not challenge or seek to modify any component of her sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

    c. These waiver provisions, however, do not apply to:

        i. Any proceeding to revoke the term of supervised release.

        ii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

        iii. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

15. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.